IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| JAMES A. YOUNG, | : | |
| Plaintiff | : | |
| vs. | : | Civil Action No. L-00-1876 |
| UNITED STATES, | : | |
| Defendant | : | |

o0o

**MEMORANDUM**

This action was filed on June 21, 2000, by James A. Young, *pro se*.[1] In it, he alleges "many Presidents of United States and Congressmen and U.S. Senators over the past 50 or 60 years have stolen money from Social Security accounts." Mr. Young is seeking $100,000,000,000,000.00 as a "ten percent whistle blower fee." The only named defendant is the United States.

Presumably, it is Mr. Young's intent to bring a *qui tam* action under the False Claims Act, 31 U.S.C. §§ 3729 *et seq*. The False Claims Act imposes liability upon a person who commits certain specified types of acts designed to defraud the United States. 31 U.S.C. § 3729(a). While under certain circumstances, individual government officials may be persons liable under the Act, the United States itself is not subject to liability under the Act. *See Juliano v. Federal Asset Disposition Assoc.*, 736 F. Supp. 348, 351-52 (D. D.C. 1990) (no case or controversy present where favorable decision would result in transfer of funds from one federal

---

[1] Although Mr. Young paid the filing fee, he also filed a motion for leave to proceed *in forma pauperis*.

agency to another), *aff'd*, 959 F.2d 1101 (D.C. Cir. 1992) (unpublished). Nor has Mr. Young alleged that the money was "stolen" by any of the methods listed in the statute. Moreover most, if not all, of Mr. Young's claims would be barred by the applicable statute of limitations. *See* 31 U.S.C. § 3731(b).

It is well established that a court has broad, inherent power *sua sponte* to dismiss an action, or part of an action, which is frivolous, sham, vexatious, or brought in bad faith. *Crowley Cutlery Co. v. United States*, 849 F.2d 273, 277 (7th Cir. 1988) (federal district judge has authority to dismiss a frivolous suit on his own initiative); *Brown v. District Unemployment Compensation Board*, 411 F. Supp. 1001 (D.C. 1975) (district court has inherent power to control the judicial process and dismiss frivolous or harassing action *sua sponte*); *see also* 28 U.S.C. § 1915(e)(2).

Accordingly, this complaint will be dismissed as legally frivolous.[2]

A separate Order shall be entered in accordance with this opinion.

7/06/00
Date

Benson Everett Legg
United States District Judge

---

[2] While in many circumstances it would be appropriate to give a *pro se* litigant notice prior to the *sua sponte* dismissal of an action, notice need not be given, where, as here, there is no way to amend the complaint to state a cognizable claim. *Tate v. Burke*, 131 F. R. D. 363, 364 (D. D.C. 1990).

2